# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-3198
LT Case No. 2021-303299-CFDB

———————————————

TORIANO A. BROOKS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Volusia County.
Karen A. Foxman, Judge.

Matthew J. Metz, Public Defender, and Teresa D. Sutton,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M.
Williams, Assistant Attorney General, Daytona Beach, for
Appellee.

December 12, 2025

EISNAUGLE, J.

    We affirm Toriano Brooks's judgment and sentence and write
to explain why his Prison Releasee Reoffender ("PRR") sentence
does not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

On appeal, Brooks argues that his PRR sentence is unconstitutional because a jury did not determine the date of his release from prison. While a jury did not make the finding, Brooks is not entitled to relief because he stipulated to the dispositive facts at sentencing:

> The Court: And is there a stipulation from the defense?

> Counsel: Yes, I discussed that with my client and we stipulate that he was released June 5, 2021. This offense occurred June 20, 2021, so that would be within that three-year period.

Some courts have employed a harmless error analysis when an *Apprendi* claim is based on stipulated facts. *E.g.*, *Flournoy v. State*, 415 So. 3d 806, 808 (Fla. 2d DCA 2025). However, we conclude a harmless error analysis is unnecessary because a sentence based on a defendant's stipulation does not violate *Apprendi* in the first place.

The Sixth Amendment requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Importantly, the statutory maximum is defined, for *Apprendi* purposes, as the "sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely v. Washington*, 542 U.S. 296, 303 (2004).

Under *Blakely*, the judge in this case had authority to impose a PRR sentence without a jury's determination because Brooks admitted the facts that qualified him as a prison releasee reoffender. Therefore, the sentence imposed was not "beyond the prescribed statutory maximum" for *Apprendi* purposes.[1]

---

[1] Brooks also cannot prevail on appeal because in *Simmons v. State*, 332 So. 3d 1129, 1131 (Fla. 5th DCA 2022), we held that the factual findings required to impose a PRR sentence may be made by the judge, instead of a jury. Our decision in *Simmons* remains binding, but we recognize that our sister court followed *Simmons* in *Maye v. State*, 368 So. 3d 531, 532 (Fla. 6th DCA 2023), and that

Accordingly, Brooks's sentence does not violate *Apprendi*, and his judgment and sentence are affirmed.

AFFIRMED.


LAMBERT and KILBANE, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

*Maye* is currently under review in the Florida Supreme Court. *See Maye v. State*, No. SC2023-1184, 2024 WL 1796831 (Fla. Apr. 25, 2024).